UNGER ET AL. *v.* BRUMFIELD ET AL.

[No. 14,811.  Filed June 19, 1934.]

*Brooks & Brooks,* for appellants.

*J. F. Charles* and *McCracken & Eikenbary,* for appellees.

DUDINE, J.—The board of commissioners of Wabash County awarded a contract for the construction of a certain public highway to appellee A. G. Brumfield and Son, who will hereinafter be referred to as "contractor." Said contractor entered into a written contract with appellants whereby appellants agreed to furnish said conractor with all the stone needed for said project at certain unit prices. Appellants furnished the stone, said contractor completed the project, and said board accepted the work as completed.

A part of said highway contract price being unpaid, appellants filed a claim with said board against the balance on the theory that said contractor had not paid

appellants for said stone, and that they were entitled to a lien on said balance. Both parties appealed to the Wabash Circuit Court from the decision of the board of commissioners on said claims.

Said contractor filed an amended claim in the Wabash Circuit Court for said balance due him, making appellants and other persons parties defendant to assert any rights they might have to said balance of said contract price.

Appellants filed what they denominated an "answer" wherein they alleged the execution of said contract to furnish said stone, that they furnished said stone; that said stone was not weighed or measured, but that the specification for said road required 3175 cu. yds. of 1½ to 3 in. stone and 528 cu. yds. of screening, and taking said figures as a basis for the amount due him, appellant prayed a lien upon the funds in the hands of the treasurer of Wabash County which had been appropriated for the construction of said road.

Said board of commissioners by their answer admitted that said balance of said contract price remained unpaid and agreed to pay the same as ordered by the court.

Said contractor filed a reply in three paragraphs to appellants' "answer," viz: (1) general denial; (2) payment of appellants' claim in full; (3) alleging execution of a supplemental oral agreement that "said stone was to be delivered by trucks of the plaintiff (contractor) . . . and . . . that one truckload of stone was to be taken and considered to be 3½ cu. yds. . . ." and alleging payment on that basis in accordance with said original agreement.

The cause was submitted to the court for trial. The court having heard evidence found for the contractor that he was "entitled to recover the sum of $4,007.82 from the board of commissioners of Wabash County less

the sum of $66.45, for which said sum the defendants Unger and Unger hold a lien payable out of the funds in the Ferree Road," and entered judgment accordingly.

Appellants filed a motion for new trial which was overruled. The ruling on said motion for new trial is the sole error relied upon for reversal.

Although appellants' brief does not comply with the rules of this court, and under said rules and the decisions of this court and our Supreme Court the judgment could be affirmed for that reason, and since the judgment must be affirmed on the merits of the appeal, we prefer to, and do determine this appeal on its merits.

All the "points" in appellants' brief relate to appellants' contention that the report of the engineer and viewers fixed the quantity of stone to be used, that said report was part of appellee's contract with said board— and said board having accepted said project as completed in accordance with the specifications in said report—appellee is estopped from denying that the quantity of stone, called for by said report—was used in the construction of the road.

Said contention is not sustainable. Assuming, but not deciding, that the engineer and viewers did "fix" the quantity of stone to be used, the quantity so fixed could be binding only upon the parties to the contract as between themselves, and not as between one of the parties, and appellants.

The evidence shows without dispute that appellant was not a party to the highway construction contract, that the agreements between appellants and the conractor were independent of said highway construction contract. There is evidence in the record which shows that appellants and the contractor agreed that the quantity of stone used on the project was to be determined by considering each truckload of stone to be $3\frac{1}{2}$ cu. yds., and counting the truckloads. There is ample

evidence to sustain the court's finding as to the amounts due the parties on that basis.

Appellants present other contentions in their "argument" which are not presented under their "points and authorities." Said contentions will be deemed waived because they are not presented under appellants' "points and authorities." See Elliott's Appellate Procedure, Sec. 444; Ewbank's Manual of Practice, p. 271, 283, and authorities cited.

No reversible error having been shown, the judgment is affirmed.